MARY'S OPINION HEADING 








NO. 12-09-00369-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JEREMY SHANE LEE,                               §                      APPEAL
FROM THE 159TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Jeremy
Shane Lee appeals his conviction for possession of a controlled substance with
intent to deliver.  In two issues, Appellant argues that the trial court erred
in interrupting and limiting his voir dire examination.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance with intent
to deliver.  Appellant pleaded not guilty, and the guilt-innocence phase of the
case was tried before a jury.  The jury found Appellant guilty of the charged
offense.  After finding an enhancement paragraph to be true, the trial court
assessed Appellant’s punishment at imprisonment for fifteen years.  This appeal
followed.   

 

Error Preservation

            The
court of criminal appeals has explained that the rights of a criminal defendant
can be grouped into three categories: systemic requirements, waivable rights,
and forfeitable rights.  Mendez v. State, 138 S.W.3d 334, 340
(Tex. Crim. App. 2004) (unanimous opinion).  Systemic requirements are laws
that a trial court has a duty to follow even if the parties wish otherwise.[1] Id.  “Any party that is entitled to appeal may complain on appeal
that such a requirement was violated, even if the party failed to complain
about the failure or waived the application of the law.”[2]  Id.

            Waivable
rights are “rights of litigants which must be implemented by the system unless
expressly waived.”  Id.  “Although a litigant might give them up
and, indeed, has a right to do so, he is never deemed to have done so in fact
unless he says so plainly, freely, and intelligently, sometimes in writing and
always on the record.”  Marin v. State, 851 S.W.2d 275, 280 (Tex.
Crim. App. 1993).  A litigant need make no request at trial for the
implementation of such rights because the judge has an independent duty to
implement them absent an express waiver. Id.  “As a consequence,
failure of the judge to implement them at trial is an error which might be
urged on appeal whether or not it was first urged in the trial court.”  Id.

            Forfeitable
rights are rights of litigants that are to be implemented upon request.  Mendez,
138 S.W.3d at 340.  “A cursory examination of the myriad evidentiary and
procedural rules comprising our system reveals that most of them are of this
type.”  Marin, 851 S.W.2d at 278.  The trial judge, as
institutional representative, has no duty to enforce forfeitable rights unless
requested to do so.  Id. at 279-80.  “Accordingly, an important
consequence of a party’s failure to petition enforcement of his forfeitable
rights in the trial court is that no error attends failure to enforce them and
none is presented for review on appeal.”[3]  Id. at 280.  

            Unlike
systemic requirements and waivable rights, forfeitable rights are governed by
Texas Rule of Appellate Procedure 33.1.  Mendez, 138 S.W.3d at
342.  Rule 33.1 reads, in pertinent part, as follows:

 

As a prerequisite to
presenting a complaint for appellate review, the record must show that:

 

(1) the complaint was
made to the trial court by a timely request, objection, or motion that: 

 

                (A)
stated the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the           complaint,
unless the specific grounds were apparent from the context; and 

 

                (B)
complied with the requirements of the [Texas Rules of Evidence] or the          Texas
Rules of Civil or Appellate Procedure; and 

 

(2) the trial court: 

 

                (A)
ruled on the request, objection, or motion, either expressly or implicitly; or 

 

                (B)
refused to rule on the request, objection, or motion, and the complaining        party
objected to the refusal.

 

Tex. R. App. P. 33.1(a).  Error
involving forfeitable rights is not preserved for appellate review unless the
requirements of rule 33.1 are met.  Mendez, 138 S.W.3d at 342. 
Constitutional, statutory, and common law rights classified as forfeitable
rights are each subject to rule 33.1.[4]  Id.

 

Limitations
of Voir Dire

            In his first issue, Appellant asserts that the trial
court’s interruption of his voir dire resulted in an improper limitation of his
voir dire examination.

Voir Dire

            During
Appellant’s voir dire examination, Appellant’s counsel explained that Appellant
had a right to remain silent and that his silence could not be deemed as
evidence against him.  Appellant’s counsel had several exchanges with different
venire members regarding this topic.  Finally, one asked Appellant’s counsel if
Appellant had told him Appellant’s “side of the story.”  After allowing
Appellant’s counsel an opportunity to engage that venireperson, the trial court
interrupted the proceedings as follows:[5]

 

THE COURT:

 

Let me interrupt.  Please take a
seat, Counsel.  Ladies and gentlemen, I’m going to have to do a little civics
lesson for you.  All of us have different roles in a courtroom.  I’m the judge
of the law.  Okay?  What have I told you you’re going to be?

 

THE VENIRE:

 

Judges.

 

THE COURT:

 

Judges of the facts.  And then we
have counsel representing representative positions here.  All of us have a role
of secrecy.  Did you know that?  During the course of this trial, there will be
occasions when I will probably hear evidence outside your presence and in
secrecy of your hearing.  I’m going to be making decisions about the rule of
law, code of evidence, we call it.  No one should [disparage] me fulfilling my
role as a judge of the law to determine what’s competent evidence for you to
hear.

 

There’s another role of secrecy
of the attorneys, who laugh about it, but it’s very sacrosanct, like when you
go to church and you talk to . . . clergy, the clergy/parishioner privacy, or
privilege.  And we take that very seriously.  The same thing is true with
regard to attorney/clients.  He can’t even answer the question if his client’s
told him or asked him anything.  He can’t answer that.  If he had answered
that, he would have been sanctioned by the State Bar of Texas.  He
appropriately told you he can’t answer that.  So there’s an attorney/client
privilege that we have to respect.

 

Guess what?  You folks as judges
of the facts, when all of this evidence is over with and I finally give you the
charge of the Court and you go back there to that jury room, guess what’s going
to happen?  In secrecy[,] you’re going to be fulfilling your role in talking
about this case among yourselves.  And guess who gets to listen in on that?  No
one.  It will be so vigorously defended that I’ll post an officer there with a
weapon.  And, in fact, the courts of law won’t even let us invade the province
of a jury asking certain questions about what you did talk about.  It’s very
limited.

 

So you see my point?  We all have
separate roles of secrecy, and we all have the rule of law that governs our
conduct.  Now, one of the fundamental principles of the rule of law in America
in our Bill of Rights is the Fifth Amendment right to remain silent.  Here’s
the instruction you’re going to get in the charge of the court, and the real
question you’re going to have to answer is whether or not you can follow the
rule of law on this case.

 

I will be instructing you [that] the
defendant has a right to remain silent and not give testimony.  It doesn’t
matter what the reasons are.  That’s the right.  You have it.  I have it. 
Anyone has it.  The failure to testify may not be taken as any evidence of
guilt or considered for any reason.  That’s the instruction you will be given: 
The failure to testify may not be taken as any evidence of guilt or considered
for any reason.  On the other hand, if the defendant does testify, it carries
no specific weight or special weight.  You must be able to consider the
testimony in the same manner as you consider the testimony of any other
witness.

 

Now, the question is whether or
not you can follow that instruction.  The failure to testify may not be taken
as any evidence of guilt or considered for any reason.  Is there anyone that
cannot follow that instruction?  If you can’t, that’s fine; but we need to know
now.

 

THE VENIRE:

 

(No response).

 

THE COURT:

 

Any question about the
instruction that will be given?

 

THE VENIRE:

 

(No response).

 

THE COURT:

 

Everyone understand the right of
privacy or secrecy of a judge, of an attorney, and of a jury here?

 

THE VENIRE:

 

(No response).

 

THE COURT:

 

All right.  Thank you.  You may
proceed, Counsel.

 

[APPELLANT’S COUNSEL]:

 

A better civics lesson than I could
give. . . . .

 

 

Appellant’s counsel made no objection to the
interruption by the trial court or to any aspect of the trial court’s comments
to the jury.  After the interruption, Appellant’s counsel continued with his
voir dire examination.  Appellant subsequently challenged several individual
venirepersons for cause, and the trial court granted those challenges.  A jury
was empaneled, and Appellant’s counsel, after being specifically asked by the
trial court if he had any objections regarding the jury as empaneled, stated
that he had no objections.

 

 

Discussion

            In
his first issue, Appellant has characterized the trial court’s interruption of
his voir dire as a de facto limiting of that voir dire.  However, a trial
court’s imposition of limitations on voir dire involves forfeitable rights
subject to procedural default under rule 33.1.  See Sells v. State,
121 S.W.3d 748, 756 (Tex. Crim. App. 2003) (requiring error preservation for limiting
of questions to be asked on voir dire); Taylor v. State, 939
S.W.2d 148, 154-55 (Tex. Crim. App. 1996) (requiring error preservation for
time limits on voir dire).  To preserve error relating to a trial court’s
imposition of limitations on voir dire, an appellant must show that he was
prevented from asking particular questions that were proper. See Sells,
121 S.W.3d at 756.  If all that is shown is that the trial court generally
disapproved of an area of inquiry from which proper questions could have been formulated,
error is not preserved because the trial court might have allowed a proper
question had it been submitted for consideration.  See id.

            We
note that, in the appeal before us, the trial
court never explicitly limited Appellant’s ability to propound a specific
question to the venire.  Instead, Appellant argues that the trial court, by its
conduct, imposed a de facto limitation on Appellant’s counsel’s ability to
further question the venire on the topic of an individual’s right to remain
silent.  This issue has not been preserved for review because Appellant failed
to complain to the trial court about the alleged limitation and failed to
submit to the trial court any questions that Appellant’s counsel sought to
propound to the panel.  See id.; see also Tex. R. App. P. 33.1.  Therefore,
we overrule Appellant’s first issue.

 

Trial Court Comments

            In his second issue, Appellant argues that the above comments
by the trial court exceeded the boundaries of a judge’s role in the voir dire
process.

Applicable Law

            A trial court may intervene in a voir dire examination
for the purposes of clarification and expedition.  Gardner v. State,
733 S.W.2d 195, 210 (Tex. Crim. App. 1987).  The trial court’s comments become
error only when reasonably calculated to benefit the state or prejudice the
defendant’s rights. Id.  If these comments rise to the level that
they violate an appellant’s right to a fair and impartial jury, they constitute
error that may be raised for the first time on appeal.  See Blue v. State, 41 S.W.3d
129, 131-33 (Tex. Crim. App. 2000) (plurality op.) (analyzing error as if
involving waivable right under Marin).  However, if these
comments do not rise to such a level, they are subject to the error
preservation requirements of rule 33.1. See Marin, 851 S.W.2d at
278 (“A cursory examination of the myriad evidentiary and procedural rules
comprising our system reveals that most of them are of [the forfeitable] type.”);
cf. Jasper v. State, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001)
(analyzing trial court’s comments in light of Blue).

Discussion

In Blue v. State, the trial court told the venire
that the defendant seriously considered entering into a plea agreement and that
the trial court would have preferred that the defendant had pleaded guilty.  Blue,
41 S.W.3d at 130.   A plurality of the court of criminal appeals
found that the trial court’s comments imparted information to the venire panel
that tainted the presumption of innocence.  Id. at 132.  The
plurality held that such error need not be preserved for appellate review.  Id.
at 132-33.

Here though, the trial court’s actions are far different from the
trial court’s in Blue.  Without tainting the presumption of
innocence, the trial court simply explained an individual’s right against
self-incrimination.  Appellant does not argue that the trial court’s comments
were not fair or not impartial.  Instead, Appellant argues that the trial court
supplanted the role of Appellant’s counsel.  Even if the trial court’s comments
constituted error by usurping the role properly exercised by Appellant’s
counsel, the comments do not rise to the level of error that need not be
preserved.  Cf. id. at 132-33.  Because Appellant failed to
object to the trial court’s comments, his complaint about them is not preserved.
See Tex. R. App. P. 33.1. 
We overrule Appellant’s second issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

                                                                                                Brian Hoyle

                                                                                                       
Justice

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J. 

 

(DO NOT PUBLISH)









                [1] The term “systemic
requirement” relates to questions of error preservation and the applicability
of Texas Rule of Appellate Procedure 33.1 to matters raised on appeal. Mendez,
138 S.W.3d at 340-41.  It should not be confused with the term
“structural error,” a term used to describe errors not subject to harm
analysis, and unrelated to the question of error preservation. Id. at
339-40.

 





                [2] However, a party may be estopped
from complaining about an error that it invited. Mendez, 138
S.W.3d at 340.

 





                [3] “Although often called a
waiver, it is manifest from the written opinions of this Court that we do not
require ‘voluntary relinquishment of a known right’ under such circumstances.  The
litigant's failure to speak up is quite enough.” Marin, 851
S.W.2d at 280.

 





                [4] The court of criminal appeals
has, in the past, analyzed issues of error preservation under the “fundamental
error” model.  Mendez, 138 S.W.3d at 341.  Questions of error
preservation are now considerED under the framework of systemic requirements,
waivable rights, and forfeitable rights set forth in Marin.  Id.

 





                [5] While the record is not
conclusive, it appears that Appellant’s counsel had spoken to the entire venire
panel regarding Appellant’s right to remain silent before the trial court
interrupted his examination.  When interrupted by the trial court, Appellant’s
counsel appeared to be in the process of further questioning the venire panel
regarding whether Appellant had disclosed his side of the story to him.